OPINION
Defendant-appellant Tina R. Bronkar appeals the June 26, 2001 Judgment Entry of the Muskingum County Court of Common Pleas which continued her community control, and sentenced her to sixty days in the Muskingum County Jail for community control violations. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 9, 1998, appellant plead guilty to one count of theft of $100,000, in violation of R.C. 2913.02(A)(2), a felony of the third degree. In an April 23, 1998 Judgment Entry, the trial court sentenced appellant to three years of community control with certain conditions. The judgment entry set forth fourteen different sanctions of community control, ordered appellant to pay restitution and serve sixty days in jail.
On April 7, 2000, appellee filed a motion alleging appellant had violated three conditions of community control. In a September 20, 2000 Judgment Entry, the trial court, after hearing evidence, modified appellant's restitution amount and denied all other motions, presumably including appellee's motion charging appellant with community control violations. On October 19, 2000, appellant appealed the September 20, 2000 ruling to this Court in appellate Case Nos. CT2001-003, 2000-0033, and 2001-0001.
On November 29, 2000, the trial court filed an amended entry purporting to amend the September 20, 2000 ruling which was the subject of the aforementioned appeal. In its November 29, 2000 Judgment Entry, the trial court found appellant had violated her community control, including the restitution modifications, and of specific importance to the matter sub judice, the trial court extended appellant's period of community control for two years and ordered an additional fifty hours of community service.
On February 13, 2001, the State filed another motion to revoke appellant's community control. On June 26, 2001, the trial court again concluded appellant had violated the terms of her community control. The trial court continued appellant on community control, but sentenced her to sixty days in jail. On June 28, 2001, the trial court stayed the sentence pending the outcome of this appeal.
On October 4, 2001, this Court rendered its opinion on appellant's first appeal. In our decision, we vacated the trial court's November 29, 2000 Amended Entry for lack of jurisdiction.
Appellant now appeals the June 26, 2001 Judgment Entry which continued her on community control and sentenced her to an additional sixty days in jail. Appellant assigns the following errors for our review:
 I. THE TRIAL COURT ERRED WHEN IT VIOLATED THE TERMS OF THE DEFENDANT/APPELLANTS COMMUNITY CONTROL AFTER HER COMMUNITY CONTROL PERIOD HAD EXPIRED WHICH ENDED THE TRIAL COURTS' JURISDICTION.
 II. THE COURT ERRED IN FAILING TO GIVE THE DEFENDANT/APPELLANT THE PROPER NOTICE THAT IF SHE VIOLATED COMMUNITY SHE COULD FACE ANY ADDITIONAL JAIL OR PRISON TIME.
Before addressing the merits of the assignments of error, we turn to our attention to the procedural posture of this case. As noted above, appellant was sentenced to three years of community control beginning on April 23, 1998. Accordingly, appellant's three year term of community control, absent any lawful modification, would end on April 23, 2001. In its November 29, 2000 Amended Entry, the trial court extended appellant's community control for a period of two years. If this order were valid, appellant's community control would expire April 23, 2002. However, as noted above, this Court specifically vacated the trial court's November 29, 2000 Judgment Entry for lack of jurisdiction in our opinion filed October 4, 2001. Because of this ruling, the trial court's attempt to extend appellant's community control for an additional two years was ineffective. Accordingly, appellant's community control terminated on April 23, 2001.
On February 13, 2001, before appellant's community control had expired, the State filed a motion to revoke appellant's community control for alleged violations. In its June 26, 2001 Judgment Entry, the trial court concluded appellant had violated the terms of her community control but did not reference whether the violation was of its April 23, 1998 Entry or its November 29, 2000 Judgment Entry. The motion does reference the paragraph numbers contained in the original list of sanctions in the April 23, 1998 Judgment Entry. However, we also note the November 29, 2000 Judgment Entry, incorporated the original sanctions by reference and included three additional sanctions.
Based upon the language contained in the judgment entries, we conclude the trial court's June 26, 2001 Judgment Entry found appellant had violated the November 29, 2000 Judgment Entry as opposed to the earlier April 23, 1998 Entry. In its June 26, 2001 Judgment Entry, the trial court stated "the defendant is continued on community control and sentenced to sixty days in the Muskingum County Jail." (Emphasis added). However, in the trial court's November 29, 2000 Judgment Entry, the trial court stated "It is, however, ordered and adjudged by the court that the defendant, Tina Bronkar, is to remain on community control. It is further ordered that the defendant's community control is extended an additional two years for a total of five (5) years." (Emphasis added).
We find the find the fact the trial court "continued" appellant on community control in its June 26, 2001 Judgment Entry, indicates the trial court believed appellant was in fact, still on community control. Appellant could only be on community control on June 26, 2001, if the trial court believed its November 29, 2000 Judgment Entry, an entry which extended appellant's community control through April of 2002, was in effect.
Because the trial court's June 26, 2001 Judgment Entry was based upon the November 29, 2000 Judgment Entry, this Court subsequently found to be void, we find the June 26, 2001 Judgment Entry to likewise be void and order it vacated.
In light of our decision to vacate the June 26, 2001 Judgment Entry, we find it unnecessary to address the merits of either of appellant's assignments of error.
By: HOFFMAN, P.J. GWIN, J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 26, 2001 Judgment Entry of the Muskingum County Court of Common Pleas is vacated. Costs assessed to appellee.